UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES DAVID BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:16-CV-368-TAV-CHS |
| | ) | |
| CLAY MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and two motions for leave to proceed *in forma pauperis* [Docs. 2, 4]. For the reasons set forth below, Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 2, 4] will be **GRANTED**, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I.    Filing Fee**

It appears from the motions for leave to proceed *in forma pauperis* [Docs. 2, 4] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motions for leave to proceed *in forma pauperis* [Docs. 2, 4] will be **GRANTED**.

Because Plaintiff is incarcerated in the Bradley County Justice Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B).

Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Bradley County to ensure that the custodian of Plaintiff's inmate trust account complies with the Prisoner Litigation Reform Act with regard to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B), 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases

and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. Allegations of the Complaint

Plaintiff alleges that on September 11, 2014, Defendant Moore charged Plaintiff for possession of schedule II cocaine for resale in violation of Tennessee law [Doc. 1 p. 4]. Plaintiff further asserts that, in support of this charge, Defendant Moore stated that he weighed a bag of white powder believed to be cocaine at over ten grams and that Defendant Moore field-tested the powder as positive for cocaine [*Id.*]. When the Tennessee Bureau of Investigation weighed the same evidence, however, it weighed only .17 grams, and the forensic lab testing showed that the substance was not cocaine [*Id.* at 4–5]. Plaintiff therefore claims that Defendant Moore "clearly violated [his] rights by falsifying evidence to charge [him] with a specific crime" [*Id.* at 5]. Plaintiff also states that, because of Defendant Moore's actions, Plaintiff had a large amount of personal property seized, a large amount of attorney fees, and mental anguish [*Id.*].

### IV. Legal Analysis

District courts apply state statutes of limitation to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitation is applicable to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

Federal law, however, determines "[t]he date on which the statute of limitations begins to run in a § 1983 action." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634–35 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). The Sixth Circuit has held that a cause of action accrues and the statute of limitations begins to run when an event occurs that "'should have alerted the typical lay person to protect his or her rights.'" *Id.* at 635 (quoting *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

It is apparent that Plaintiff knew or should have known that the substance for which he was charged with the sale of cocaine was not cocaine on or about September 11, 2014, the date on which Defendant Moore seized the substance and charged Plaintiff. Accordingly, Defendant Moore's acts of seizing this substance and charging Plaintiff with possession of schedule II cocaine for resale in violation of Tennessee law would have alerted the typical lay person to protect his rights. Plaintiff, however, did not file his complaint until September 2, 2016 [*Id.* at 6]. Accordingly, Plaintiff's claims are barred by the applicable statute of limitations.

## V. Conclusion

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE